```
                                            USDS SDNY
                                            CUMENT
UNITED STATES DISTRICT COURT                TRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK               #:
-----------------------------------  X
PHILLIP JEAN-LAURENT,                 :
                                      :
              Plaintiff,              :   05 Civ 0583(VM)
                                      :
           - against -                :        ORDER
                                      :
C.O. GORDEN WILKINSON #11281          :
et al.,                               :
                                      :
                                      :
              Defendants.             :
                                      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court held a final pre-trial conference in this matter on March 12, 2009. In the interest of ensuring that the plaintiff is familiar with the Court's trial procedures, it is hereby

**ORDERED** that the Clerk of the Court mail a copy of this order and the attached Trial Procedures to plaintiff Phillip Jean-Laurent by registered mail.

**SO ORDERED.**

Dated:    New York, New York
          12 March 2009

                                    VICTOR MARRERO
                                    U.S.D.J.

**Attachment 1**

## TRIAL PROCEDURES OF
## UNITED STATES DISTRICT JUDGE VICTOR MARRERO
## SOUTHERN DISTRICT OF NEW YORK

### Effective September 9, 2006

Counsel with either jury or bench trials scheduled before Judge Marrero are to comply with the following practices.

## I. PRETRIAL SUBMISSIONS

**A. Civil Cases.** Unless otherwise ordered by the Court, not less than 30 days prior to a firm date scheduled for the trial, the parties shall submit to the Court the following pretrial submissions:

1. A joint pretrial order which shall include:

    (a)    The full caption of the action;

    (b)    The name (including firm name), address, telephone number and fax number of trial counsel;

    (c)    A brief summary by each party of the claims and defenses which that party has asserted and which remain to be tried, without recital of evidentiary matters, but including citations to all statutes upon which the party relies. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;

    (d)    A statement by each party as to whether the case is to be tried with or without a jury and the number of trial days needed; and the number of jurors requested and whether the jury vote is to be unanimous;

    (e)    A statement as to whether all parties have consented to trial by a magistrate judge;

    (f)    Any stipulations or agreed statements of fact or law;

    (g)    A list by each party of all witnesses whose testimony is to be offered in its case in chief (including the qualifications of any expert witnesses) indicating the likely order of appearance and whether such witnesses will testify in person or by deposition and briefly summarizing the testimony of each witness;

(h)     A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections (with ground(s)) by any other party; and

(I)     A list by each party of exhibits to be offered in its case in chief, with one star indicating the exhibits to which there is any objection. The ground(s) for each objection should be listed. The exhibits to which no party objects should be listed with no stars.

_____Unless otherwise ordered by the Court, all pretrial submissions shall be submitted in hardcopy and on a CD-Rom, formatted in Corel WordPerfect version 8 or later or a compatible word processing program.

2. All motions in limine. Opposition briefs shall be due one week after such motions are served. Reply memoranda, if any, shall be due within three days of the service of opposition motions. All motions in limine shall be fully briefed at least two weeks before trial.

_____3. For jury trials, each party is required to submit at the time the joint pretrial order is filed: (a) a pretrial memorandum no longer than 25 pages limited to a discussion of the issues to be tried; (b) joint proposed voir dire questions drafted with the other parties; (c) joint proposed requests to charge drafted with the other parties citing the authority for each proposed charge; and (d) a joint list of individuals, companies and other entities that may appear as witnesses, or otherwise be referred to during the trial, including a brief recitation of what matters each witness is expected to address. If parties disagree on requests to charge, the disagreement should be addressed by each party stating its proposed requested charge, followed by a succinct statement of the authority in support of each party's position.

4. For bench trials, unless otherwise instructed by the Court, each party is required to submit at the time the final joint pretrial order is filed: (a) A pretrial memorandum no longer than 25 pages limited to a discussion of the issues to be tried; (b) proposed findings of fact and conclusions of law; and (c) a joint list of individuals, companies and other entities that may appear as witnesses, or otherwise be referred to during the trial, including a brief recitation of what matters each witness is expected to address.

**B. Criminal Cases.** Unless otherwise ordered by the Court, not less than 30 days prior to a firm date scheduled for the trial, the parties shall submit to the Court the following pretrial submissions:

1. All motions in limine. Opposition briefs shall be due one week after such motions are served. Reply memoranda, if any, shall be due within three days of the service of opposition motions. All motions in limine shall be fully briefed at least two weeks before trial.

2. For jury trials: (a) joint proposed requests to charge, citing the authority for each proposed charge; and b) to the extent known, a joint list of individuals, companies and other entities that may appear as witnesses, or otherwise be referred to during the trial, including a brief recitation of what matters each witness is expected to address. If parties disagree on requests to charge, this disagreement should be addressed by each party stating its proposed requested charge, followed by a succinct statement of the authority in support of each party's position.

3. For bench trials: to the extent known, a joint list of individuals, companies and other entities that may appear as witnesses, or otherwise be referred to during the trial, including a brief recitation of what matters each witness is expected to address.

## II.    FINAL PRETRIAL CONFERENCE

The Court will schedule a final pretrial conference approximately two weeks before trial. Counsel who will try the case must attend. In civil cases, the Court will use the occasion as an opportunity to explore the prospects of settlement. Counsel must be prepared to engage in meaningful settlement discussions.

## III.    TRIAL DATES AND TIMES

All trials are scheduled for firm dates. Counsel should notify the Court in person or in writing of any potential scheduling conflicts that would prevent a trial at a particular time. Counsel should notify the Court and other counsel in writing, at the earliest possible time, of any particular scheduling problems involving witnesses.

Unless otherwise decided by the Court, trials will be conducted Monday through Friday from 9:00 a.m. to 5:00 p.m. with a lunch break from 12:45 p.m. to 2:00 p.m. In jury trials, in order to keep distractions during the trial to a minimum, upon request by the Court counsel must be present prior to 9:00 a.m. and after 5:00 p.m. to discuss scheduling for the day and any disputed matters that may arise during the day's proceedings. One fifteen-minute break will take place in the morning and one will take place in the afternoon. This break may also be used to address disputes that arise during the trial.

## IV.    COURTROOM DECORUM

1. Counsel and parties are to stand as the Court is opened, recessed and adjourned.

2. Counsel and parties are to be on time for each court session. If counsel have matters in other courtrooms when a trial is scheduled, please arrange in advance to have a colleague handle appearances for you.

3. Counsel shall stand when addressing the Court, including when making objections. Counsel unable to stand on account of physical disabilities will be excused from this requirement.

Counsel should not stand when opposing counsel is addressing the Court.

4. Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination. Unless otherwise permitted by the Court, only one attorney for each party will be recognized for purposes of any sidebar conferences.

5. In making an objection, counsel should be brief and direct, stating the legal ground and appropriate authority for the objection and withholding all further comment and argument unless elaboration is requested by the Court. Counsel should not argue the objection in the presence of the jury or argue with the ruling of the Court in the presence of the jury. Counsel should not make any motion (e.g., a motion for a mistrial) or make references to rulings reserved for appeal in the presence of the jury. Such matters may be raised at the next recess.

6. Counsel should stand at the lectern when questioning witnesses. Counsel unable to stand on account of physical disabilities will be excused from this requirement. Do not pace about the courtroom. Do not face or otherwise appear to address yourself to jurors when questioning a witness.

7. Counsel should address all remarks to the Court, not to opposing counsel, and should stand a respectful distance from the jury at all times.

8. Counsel should refer to all persons, including witnesses, other counsel, and parties by their surnames and not by their first or given names.

9. Counsel should stand at the lectern while making opening statements and closing arguments.

10. Counsel should request permission before approaching the bench or any witness. Any document counsel wishes to have the Court examine should be handed to the clerk.

11. Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

12. Persons at counsel tables shall not make gestures, facial expressions, audible comments or the like as manifestations of approval or disapproval at any time during trial.

13. If counsel intends to question a witness about a group of documents, please have all documents with you at the beginning of the examination.

## V.   **BENCH TRIALS**

1. Opening statements and closing arguments will be allowed with the Court's permission.

2. Direct testimony may be offered by affidavit with permission of the Court.

3. Counsel for each party shall submit a list of all affiants, if any, intended to be cross-examined at trial at least five business days prior to trial.

4. Proffering counsel shall mark the portions of each deposition transcript that will be offered in evidence and supply two copies to the Court. Only the relevant, evidentiary portions of the transcript should be marked and included.

## VI.    JURY TRIALS

1. Proffering counsel shall mark the portions of each deposition transcript that will be offered in evidence and supply two copies to the Court. Only the relevant, evidentiary portions of the transcript should be marked and included.

2. Counsel shall have all necessary witnesses on hand to commence and continue the trial.

3. Sidebar conferences will be kept to a minimum.

4. Opening Statement: Parties are directed to argue the case and not discuss the law. Parties are asked to provide a concise summary of the important facts. Do not describe in detail what particular witnesses will say, and do not express personal knowledge or opinion concerning any matter in issue. Unless the case is unusually complex, each party's opening statement will be limited to 10 minutes.

5. Closing Argument: The jury should hear the instructions on the law of the case from the Court, an impartial source. In a closing argument, counsel may tell the jury what they believe the substance of the Court's instruction on a particular subject should be, but do not read or quote any instruction. Unless the parties agree otherwise, the party with the burden of proof closes last. In a civil matter, the closing argument of the defendant(s) is heard first, and plaintiff's closing follows thereafter without rebuttal argument. In a criminal case, it is the Court's practice to permit the government to present closing arguments first, the defense to offer its summation thereafter and then the government to offer any rebuttal. Whatever the sequence, both sides would be allowed the same amount of time for closing.

## VII.   EXHIBITS

Counsel should stipulate to the foundation for all exhibits whose authenticity is not questioned. Trial time should not be wasted on unnecessary foundation testimony. All exhibits should be marked prior to introduction. No trial time will be used for this purpose.

At the beginning of the trial, two complete sets of documentary exhibits should be handed

to the Judge's clerk for use by the Judge and his staff during trial. At trial, sufficient copies of pre-marked exhibits are to be made available for the Court and counsel by the proponent of the exhibits. Upon application, the Court may excuse a party from these requirements where they would be burdensome.

Plaintiffs are to pre-mark their exhibits using numerals; Defendants are to use letters. If you are not familiar with the procedure for marking exhibits or if you have any questions regarding marking exhibits for identification, contact the clerk assigned to the case at (212) 805-6374.

## VIII.  JURIES AND JURY SELECTION

The Court uses the struck panel method, a description of which follows.

The Court allows jurors to take notes and will supply the jurors with notepads and pens. Jurors who take notes will be required to leave them in the court room or the jury room at all times. After the trial, the Court will dispose of the notes. Under appropriate circumstances, the Court may allow jurors to submit in writing questions the jurors request the Court to ask of witnesses or parties. Where this discretion is exercised, the Court will advise counsel of any question(s) and will provide the jurors strict guidelines defining the circumstances and the type of questions that may be permitted.

### INSTRUCTIONS TO COUNSEL CONCERNING
### JURY SELECTION BEFORE JUDGE MARRERO

The following is a description of the struck panel method by which the jury will be selected in all proceedings before Judge Marrero. It is a method that a number of courts in this District have been using for several years now, and most attorneys find the system preferable to more traditional methods of jury selection, once they understand and become familiar with it. There are many variations on this basic technique, and it is important that counsel understand exactly what procedure will be followed. The procedure requires that counsel take more careful notes and observe more panelists than under the traditional jury selection method.

The Court will conduct a *voir dire* of a number of panelists computed by totaling the following: the number of jurors to be selected; the number of alternates to be selected in a criminal case (generally 2); and the number of peremptory challenges. Thus, in a single defendant criminal case in which the defendant has 10 and the government has 6 peremptory challenges, plus one challenge each with respect to alternates, we will voir dire 32 panelists.

In a civil case, the number of peremptory challenges allowed each side varies with the number of panelists to be selected. Thus, in a civil case, the following panel sizes apply:

| #  JURORS | #  PEREMPTORY CHALLENGES | PANEL SIZE |
|-----------|--------------------------|------------|
|           |                          |            |

| 6 | 3 per side | 12 |
| 8 | 4 per side | 16 |
| 10 | 4 per side | 18 |

After we have *voir dired* the requisite panelists, and have dismissed those for whom clear grounds for disqualification for cause have been found, we will adjourn to the robing room. In the robing room, we will determine whether there is legitimate basis for any additional challenges for cause. If valid reasons are found for further challenges for cause, any panelist then removed will be replaced by one of those remaining in the pool, so that there is a full panel before any peremptory challenges are exercised. All challenges are exercised in the robing room, and the consequence of challenging any panelist is that all the other panelists on the list move up one slot.

In a civil case, plaintiff exercises the first challenge, followed by the defendant's first challenge. The parties proceed in that fashion until all the peremptories are exhausted. In a single defendant criminal case, the defendant exercises 2 challenges, the Government 1 for four rounds; then each side exercises 1 challenge for two rounds, making a total of 10 and 6.

A party may waive its right to challenge, but may not reserve. Counsel may not say, "Well, we will pass this time and take 2 the next time." Challenges may be made to any of the panelists regardless of where that panelist appears in the array.

When each side has exhausted its peremptory challenges, the first 12 unchallenged names constitute the jury in a criminal case and the first 6, 8, or 10 persons constitute the jury in a civil case. The first juror is automatically designated to be the foreperson of the jury.

In a criminal case, after the 12-person jury is selected, each side has 1 additional challenge which is exercisable only with respect to the alternates, who are selected from the remaining unchallenged panelists after the jury has been selected. There are no alternates in a civil case.

This selection method has a number of virtues. When a peremptory is exercised, counsel know who will replace the challenged panelist. In addition, the panelists who sit in the courtroom never know who challenged other panelists while in the robing room, so there is no speculation as to why one party challenged certain panelists.

This system has been found to have other virtues. Besides making the selection process more informed and less of a gamble, it has proved itself to be expeditious. In a multi-party case, it also facilitates counsel conferring without awkward courtroom huddling.

The only criticism that has been expressed of this system is that attorneys sometimes say that they would like more of an opportunity to match a name in their notes with a face. That is perfectly understandable. If during the exercise of the challenges any party wishes to return to the courtroom,

that party and counsel may go back to the courtroom to enable this to be done.