USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
PHILLIP JEAN-LAURENT,                 :
                                      :
                    Plaintiff,        :        05 Civ 0583(VM)
                                      :
         - against -                  :          **ORDER**
                                      :
C.O. GORDEN WILKINSON #11281          :
et al.,                               :
                                      :
                    Defendants.       :
                                      :
----------------------------------- X

**VICTOR MARRERO, United States District Judge.**

The Court held a final pre-trial conference in this matter on March 12, 2009, where it considered motion in limine requests from the plaintiff, Phillip Jean-Laurent ("Jean-Laurent") and defendants Corrections Officers Gorden Wilkinson ("Wilkinson"), Marcus Robinson ("Robinson"), Pedro Rodriguez ("Rodriguez"); Captains Luis Matos ("Matos"), Dominick Martinez ("Martinez"), and Debra Burrows ("Burrows"); and Deputy Ronald Jorgenson ("Jorgenson") (collectively, "Defendants"). The Court also considered various matters raised in the joint pre-trial order. For the reasons stated by the Court on the record at the final pre-trial conference, the Court's rulings on the motions in limine and other requests are as follows:

Jean-Laurent's request to allow five currently incarcerated individuals to testify about the June 16, 2004 incident in question is DENIED in part. Jean-Laurent will be permitted to call two of these witnesses, Davon Samuels and

Mitchell Overton.

Jean-Laurent's request to allow an individual to testify regarding an incident that occurred the day before June 16, 2004 is DENIED.

Jean-Laurent's request to introduce the testimony of Joshua Moskovitz, regarding the date Jean-Laurent reported the June 16, 2004 incident to the Legal Aid Society, is DENIED.

Jean-Laurent's requests to allow the testimony of Charles Alexis, regarding Mr. Alexis's mental health evaluation of Jean-Laurent, and John Serhan, regarding Mr. Serhan's diagnosis of Jean-Laurent's hearing impairment, are GRANTED in part. These witnesses will be permitted to testify as non-expert witnesses.

Jean-Laurent's request to allow the testimony of Anthony Ayler and Anthony Perez regarding allegedly similar assaults against them is DENIED.

Jean-Laurent's request to preclude the introduction of a New York City Department of Corrections ("NYC DOC") "History Print-Out" of Jean-Laurent's infraction history while in the custody of the NYC DOC is DENIED. The Defendants' in limine request to introduce information relating to Jean-Laurent's prior disciplinary history while incarcerated with the NYC DOC is GRANTED to the extent that such evidence will be used for impeachment purposes; will be relevant to the type of incident

-2-

that occurred on June 16, 2004; and will be used for a purpose other than to prove conformity therewith, such as motive, intent, or knowledge.

Jean-Laurent's request to preclude deposition testimony or pleadings or papers from Jean-Laurent v. Hennessy, as well as evidence of a prior lawsuit against Richmond County officials in Virginia, is DENIED. Defendants' request to introduce evidence of Jean-Laurent's pending lawsuit against New York City Police Department police officers and two closed, prior lawsuits (one against three "Richmond County Sheriffs" in Richmond City Circuit Court, Virginia, and a second against the New York City Administration for Children's Services employees), and to cross-examine plaintiff regarding the same  is GRANTED insofar as the prior physical injuries alleged in or because of those lawsuits are similar to those alleged here.

Jean-Laurent's request to preclude evidence of his 2005 felony assault conviction is DENIED. Defendants' request to allow evidence of the 2005 felony assault conviction for impeachment purposes is GRANTED. Jean-Laurent's request to preclude evidence of his misdemeanor convictions is DENIED in part. Defendants' request to allow evidence of Jean-Laurent's misdemeanor convictions is GRANTED in part. Evidence of those misdemeanor convictions will be allowed as they relate to the

-3-

circumstances of Jean-Laurent being in custody at the time of the June 16, 2004 incident. Defendants' request to offer a certified copy of Jean-Laurent's New York State criminal history record information ("RAP Sheet") is DENIED. Defendants will be permitted to cross-examine Jean-Laurent about matters listed in the RAP Sheet.

Jean-Laurent's request to introduce the NYC DOC Use of Force Allegation Report ("Use of Force Report") produced after an investigation of the incident in question here is GRANTED in part and DENIED in part. Defendants' request to preclude the introduction of the Use of Force Report is GRANTED in part and DENIED in part. The portions of the Use of Force Report containing statements or omissions by the individual defendants on trial would be allowed as not precluded by the hearsay rules.

Jean-Laurent's request to preclude the introduction of three Polaroid photographs taken of him in connection with the Use of Force Report is GRANTED.

Jean-Laurent's request to preclude the introduction of his medical records is DENIED with respect to medical records relating to the injuries claimed here.

Jean-Laurent's request to allow the introduction in his case-in-chief of deposition testimony by non-party witnesses who are imprisoned is DENIED to the extent those witnesses

-4-

will be testifying at trial.  Portions of deposition testimony by incarcerated witnesses who will not be testifying at trial may be introduced.

Jean-Laurent's request to allow introduction of the NYC DOC Property Receipt issued to him on June 16, 2004 is GRANTED insofar as it relates to his claim that he was extracted. Such evidence will not be allowed with respect to a claim for deprivation of property.

Jean-Laurent seeks to introduce the following NYC DOC Operation Orders: No. 20/92 (Bates Stamp 74; "Random Facility Searches of Inmates, Living Quarters and/or Common Areas"); No. 4/91 (Bates Stamp 75-78; "Divisional Search Teams"); No. 16/99 (Bates Stamp 245-250; "Deploying Escort and Extraction Teams").  The request is GRANTED in part and DENIED in part. The Defendants' request to exclude these documents is GRANTED in part and DENIED in part.  Redacted versions of these documents will be allowed as impeachment evidence, accompanied by appropriate limiting instructions.

Jean-Laurent's request to introduce the NYC DOC Incident Management Intake Log Book of June 16, 2004 for the George Motchan Detention Center (Bates Stamp 265-67) ("Log Book") is GRANTED, as long as the Log Book is redacted to exclude reference to persons or incidents not involved with the claims here.

Jean-Laurent's request that the Court direct the Defendants to produce for his use at trial an unredacted version of the Incident Management Intake Log Book of June 16, 2004, or the actual Log Book itself, is DENIED.

Jean-Laurent's request that the Court direct the Defendants to disclose Defendants' personnel records is DENIED.

Jean-Laurent's request that the Court reinstate his dismissed state law claims, pursuant to Brenner v. Heavener, 492 F. Supp. 2d 399 (S.D.N.Y. 2007), is DENIED.

Defendants' request that Jean-Laurent be precluded from introducing Defendants' disciplinary histories is GRANTED in part and DENIED in part.  Jean-Laurent will be permitted to introduce Defendants' disciplinary histories only as they relate to complaints that are less than ten years old that were found to be substantiated.

Defendants' request to exclude evidence of unrelated lawsuits against the defendant officers and non-party witnesses who are and/or were employed by the NYC DOC is GRANTED.

Defendants' request to introduce evidence of Jean-Laurent's fight with another inmate in 2005 is GRANTED only insofar as that incident relates to the ear injuries Jean-Laurent is alleging here.

-6-

Defendants' request that Jean-Laurent be precluded from testifying about claims that were previously dismissed by the Court on summary judgment is GRANTED.

Defendants' request that Jean-Laurent be precluded from introducing evidence regarding New York City's potential indemnification of the individual defendants under the General Municipal Law is GRANTED.

Defendants' request that Jean-Laurent be precluded from mentioning that Commissioner Horn, Warden Walsh, Captain McCarthy, C.O. Colds, and C.O. Fowler were once defendants in this matter is GRANTED.

Defendants' request that they be allowed to inquire into Jean-Laurent's use of two aliases, "Peter Gasman" and "Rebel" on cross-examination is GRANTED in part and DENIED in part. Defendants may inquire into Jean-Laurent's use of the alias "Peter Gasman" "without eliciting the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of [that alias]," Fletcher v. City of New York, 54 F. Supp. 2d 328, 333 (S.D.N.Y. 1999) (quoting Young v. Calhoun, No. 85 CIV. 7584, 1995 WL 169020, at *5 (S.D.N.Y Apr. 10, 1995)). Defendants may do so even though this alias was used in connection with a criminal activity that is "too remote in time to be admitted into evidence." Id. at 331.

-7-

Defendants request that they be permitted to introduce evidence of Jean-Laurent's history of drug use. The request is GRANTED insofar as such evidence has a medical basis for its relevance to the damages or injuries claimed here.

The joint pre-trial order submitted by the parties indicates that the deposition testimony of Jean-Laurent taken on March 3, 2007 and August 15, 2007 is designated to be offered in Jean-Laurent's case in chief. Because Jean-Laurent is expected to testify at trial, his deposition testimony will be excluded.

Jean-Laurent's request that the Court limit cross-examination of prisoners to only the fact that they have been convicted of a felony, without any questions as to the underlying facts of the convictions, is DENIED. Those matters may be inquired into for impeachment purposes.

**SO ORDERED.**

Dated:    New York, New York
          13 March 2009

                                    VICTOR MARRERO
                                       U.S.D.J.

- 8 -